AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| United States of America | ) |
|---|---|
| v. | ) |
| Matthew J. Campbell | ) Case No. 6:24-mj-00002-HBK |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 10th, 2024__ in the county of __Mariposa__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 111 (a) (1) | Forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties. |
| 18 USC § 111 (a) (1) | |
| 36 CFR § 2.32 (a) (1) | Threatening, resisting, intimidating, or intentionally interfering with a government employee or agent engaged in an official duty, or on account of the performance of an official duty. |

This criminal complaint is based on these facts:

See attached.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Michael E. Terry, United States Park Ranger
*Printed name and title*

by telephone/hbk
Sworn to before me and signed in my presence.

Date: 02/12/2024

_____
*Judge's signature*

City and state: Yosemite, CA

Helena M. Barch-Kuchta, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

## BACKGROUND OF AFFIANT

1. I, Michael E Terry further state, I am a Law Enforcement Officer ("Officer"), employed by the National Park Service ("NPS"). I have been employed at Yosemite National Park since May of 2023. I have completed a seasonal law enforcement academy at Northern Arizona University and have also completed Land Management Police Training at the Federal Law Enforcement Training Center. In the course of my duties, I detect, establish probable cause, and enforce violations associated with assault, domestic violence, and disorderly conduct.

2. The facts of this criminal complaint are based on my personal observations, on my training and experience, as well as my consultation with other Officers. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all my knowledge about this matter.

## JURISDICTION

3. The facts set forth in this criminal complaint occurred on February 10th, 2024, within the geographic boundaries of Yosemite National Park, California. Yosemite National Park is an area of federally owned public land administered by the NPS. Yosemite National Park is an area of the special maritime and territorial jurisdiction of the United States as defined by Title 18 U.S.C. § 7 (3): "Special maritime and territorial jurisdiction of the United States defined" and by Title 16 U.S.C. § 57: "Yosemite and Sequoia National Parks; exclusive jurisdiction of United States."

4. Yosemite National Park is located within Mariposa, Madera, Mono and Tuolumne Counties, all of which are located within the Eastern District of California.

## CHARGES

5. Based upon the facts set forth in this criminal complaint, I believe probable cause existed to believe that Matthew J. Campbell, violated the following laws of the United States on February 10th, 2024 within Yosemite National Park:

> **Count 1:** Forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties in violation of Title 18 United States Code § 111 (a)(1).
> **Maximum penalty: 1 year imprisonment and/or $100,000 fine**

> **Count 2:** Forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties Title 18 United States Code § 111 (a)(1).
> **Maximum penalty: 1 year imprisonment and/or $100,000 fine**

> **Count 3:** Threatening, resisting, intimidating, or intentionally interfering with a government employee or agent engaged in an official duty, or on account of the performance of an official duty in violation of Title 36 Code of Federal Regulations § 2.32 (a)(1).
> **Maximum penalty: 6 months imprisonment and/or $5,000 fine**

## PROBABLE CAUSE

6. On February 10th, 2024, at approximately 1200 hours I, Officer Terry, received a report from Yosemite Emergency Communications Center (ECC) of a male subject currently beating his girlfriend at the Tecoya D4 dorm room. When Officer Vollmer and I arrived on scene, we entered the first floor of the Tecoya D dorm and heard a loud male voice coming from room D4. I knocked on the door and announced "police." From behind the closed door, I heard the

same male voice yell something that sounded like "fuck off." A male subject, later identified by his Arkansas driver's license at Matthew J. Campbell ("CAMPBELL"), rapidly opened the door while stating in a loud tone "what do you want?" I ordered CAMPBELL to exit the room into the hallway.

7. Due to the report of a male subject actively beating his girlfriend, as well as the loud yelling and statements made by CAMPBELL, I detained CAMPBELL in order to secure the scene and investigate. CAMPBELL was ordered to get onto his knees, cross his feet, and place his hands behind his back. I placed CAMPBELL in handcuffs, checked for tightness and then double locked them. I then frisked CAMPBELL for weapons and hard objects. When frisking CAMPBELL in the hallway of the Tecoya D dorm, he sat up from sitting on his feet and did not comply with commands from Officer Vollmer and from myself to sit back down. While doing this, CAMPBELL stated "you stop, you don't tell me shit". Officer Vollmer and I moved CAMPBELL from his knees to his feet and began walking him outside of the Tecoya D dorm. While walking CAMPBELL, he tensed his arms and planted his feet, resisting our attempts to walk with him down the hallway.

8. We brought CAMPBELL outside of the building to separate him from the female subject in the room. CAMPBELL asked, "am I being detained?" Officer Vollmer responded with "you are being detained." Officer Healy arrived on scene at this time. Due to CAMPBELL's argumentative behavior and lack of compliance with commands, I believed that he may attempt to flee or assault an officer. I decided to place CAMPBELL into the back seat of the patrol vehicle to control his movements. Officer Vollmer, Officer Healy and I attempted to walk CAMPBELL to the backseat of the patrol vehicle. Officer Vollmer informed

CAMPBELL that "you've gotta go sit in the car." CAMPBELL stated "no" and "I've fought myself out of so many situations." While attempting to walk with CAMPBELL, he planted his feet on the ground and Officer Healy grabbed CAMPBELL's legs in order to move him into the vehicle. CAMPBELL kicked Officer Healy twice in the upper body using his right foot with enough force to push Officer Healy back approximately five feet. After being kicked, Officer Healy's body camera was on the ground, and he stepped back from CAMPBELL to catch his breath. Officer Vollmer and I pushed CAMPBELL onto the ground to prevent further injury and gain control. We continued to hold CAMPBELL on the ground on his back while we waited for Officer J. Hesdon to arrive on scene. While lying on the ground, CAMPBELL did not follow commands to straighten his legs. CAMPBELL was planting his feet flat on the ground, keeping his knees bent and lifting his hips off the ground. Based on Officer Vollmer's training and experience, she believed CAMPBELL was positioning himself to roll over.

9. Once Officer Hesdon arrived, we lifted CAMPBELL and placed him into the back of the patrol vehicle. Officer Hesdon and I each grabbed one of CAMPBELL's arm while Officer Vollmer and Officer Healy lifted CAMBPELL's legs. When Officer Vollmer went to grab Campbell's left foot, he kicked Officer Vollmer in the hand. CAMPBELL continued to kick, while Officer Vollmer held his leg, pushing her back into the patrol vehicle. Officer Vollmer sustained an abrasion to her left hand, a contusion and abrasion to her left knee and pain associated with exacerbation of a lumbar strain.

10. Officer Vollmer and I contacted the female subject who was in the dorm room D4, with the initials S.B. When I entered room D4, I observed a broken mirror leaning against the wall. I

also observed an indention in the wall approximately a foot in diameter and it appeared consistent with damage that would be created from a shoulder impacting a wall. S.B stated CAMPBELL and her were arguing and she was aware that they got loud. S.B stated that CAMPBELL hit the wall while pointing to the indentation. S.B stated that her and CAMPBELL are engaged, and they both reside in Tecoya dorm room D4.

## CONCLUSION

Based on the forgoing facts of this affidavit, I believe probable cause existed for the arrest of Matthew J Campbell for assaulting Officer Vollmer and Officer Healy and intentionally interfering with the official duties of all involved Officers on February 10th, 2024.

Respectfully submitted,

*[signature]*
Michael E. Terry
United States Park Ranger
National Park Service

02/10/2024

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed.R.Crim. P. 4.1 before me this   12th   day of February, 2024.

Subscribed and sworn to before me on:

*[signature]*
The Honorable
HELENA BARCH-KUCHTA
United States Magistrate Judge
Date: February 12, 2024

PAGE 5 OF 6

Approved as to form by:

*/s/Jeffrey A. Spivak*
JEFFREY A. SPIVAK
Assistant United States Attorney
Date: February 12, 2024